Thursday, 05 May, 2011  11:32:47 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| OSF Healthcare System, an Illinois not for profit corporation d/b/a Saint Francis Medical Center,<br><br>  Plaintiff,<br><br>  v.<br><br>Concert Health Plan Insurance Co., Ronald Miller and Robin Miller,<br><br>  Defendants. | No. 08-CV-1328 |

## ORDER

Plaintiff, St. Francis Medical Center ("St. Francis"), pursues an ERISA claim against Defendant Concert Health Plan Insurance Co. ("Concert") for denying Ronald Miller's claim arising from his hospitalization and surgery at St. Francis in August 2007. Concert has moved for summary judgment (d/e 57), and St. Francis has filed its response (d/e 61).

Before the Court is Concert's motion to strike St. Francis' response to the summary judgment motion. Concert argues that the response exceeds page limits, fails to identify whether immaterial facts are disputed or undisputed, and contains a confusing "questioned facts" section.

The motion will be granted and Concert will be directed to file an amended response. St. Francis' response is not too long: the 15-page limit applies to the argument section, not to the entire response. CDIL-LR 7.1(D)(5). However, CDIL-LR 7.1(D)(2)(b)(3)-(4) does require the response to clearly state whether an immaterial fact is disputed or undisputed, and, if disputed, to contain cites to evidentiary documentation. It would be helpful to the Court to have this information set forth more clearly than it is currently set forth. Additionally, the Court agrees that the "questioned facts" section is confusing. St. Francis should be able to determine whether the proposed fact is material and whether it is disputed and to respond accordingly. These changes are small, but they will help clarify the record. Thus, the current response will be stricken and the Court will direct St. Francis to file an amended response.

IT IS THEREFORE ORDERED THAT:

1) Concert's motion to strike Plaintiff's response to Concert's motion for summary judgment is granted (d/e 64). Plaintiff's response is stricken (d/e 61) with leave to refile by May 13, 2011. By May 13, 2011, Plaintiff is directed to file an amended response to Concert's summary judgment motion that clearly identifies, in separate sections, whether the immaterial

facts are disputed or undisputed, and, if disputed, provide a cite to evidentiary documentation.  Plaintiff is further directed, in its amended response, to delete its "questioned facts" section and to respond to proposed facts 9, 44 and 49 as required by CDIL-LR 7.1(D)(2)(b). Concert's reply to Plaintiff's response is due May 27, 2011.

     2) By May 13, 2011, Plaintiff is directed to refile separately its motion to strike the affidavit of Johny Antony.  Separating Plaintiff's response to the summary judgment and its motion to strike into two different documents will help clarify the record.  Concert's response to the motion to strike is due May 27, 2011.

     3) Plaintiff points out in its response that the certificate of insurance attached as Exhibit C to Concert's motion for summary judgment is not the same document attached to the Complaint and is not the document in effect during the relevant time frame.  By May 13, 2011, Concert is directed to file the certificate of insurance that was in effect during the relevant time frame, along with an affidavit authenticating the document and setting forth the dates when it was in effect.

4) By May 13, 2011, Concert is directed to file a reply to Plaintiff's response to Concert's motion for leave to file the affidavit of Deborah Simon.

ENTER:   May 5, 2011

                              _____s/ Byron G. Cudmore_____
                                     BYRON G. CUDMORE
                              UNITED STATE MAGISTRATE JUDGE