IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OSF HEALTHCARE SYSTEM,<br>an Illinois not for profit corporation<br>d/b/a St. Francis Medical Center,<br><br>Plaintiff,<br><br>v.<br><br>CONCERT HEALTH PLAN<br>INSURANCE CO., RONALD MILLER<br>and ROBIN MILLER,<br><br>Defendants. | No. 08-CV-1328 |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Concert Health Plan Insurance Company's (Concert) Motion to Clarify and Reconsider the Orders of October 4 and October 5, 2011 (d/e 109) (Motion). Concert asks this Court to reconsider its Opinion entered October 4, 2011 (d/e 107) (Opinion). This matter arises from the Plaintiff OSF Healthcare System d/b/a St. Francis Medical Center's (St. Francis) action for benefits from an ERISA qualified health insurance plan (Plan), pursuant to 29 U.S.C.

§1132(a)(1)(B).[1] Defendant Ronald Miller's employer purchased the Plan through Concert. Beginning on or about August 12, 2010, St. Francis provided health care to Miller. Concert paid St. Francis based on the Plan's out-of-network rates. See Opinion, at 6. St. Francis, as assignee of Miller, filed this action to recover benefits based on Concert's in-network rates. This Court did not decide whether the Plan gave Concert discretion to interpret and apply the Plan because Concert's decision would have been arbitrary and capricious even if Concert had discretion. Id. at 26. The Court remanded the matter to Concert for redetermination. Id. at 28-29.

Concert asks for reconsideration of the Court's decision not to decide whether Concert has discretion to interpret and apply the Plan. Concert also asks the Court to uphold the decision to pay benefits at the Plan's out-of-network rate. In the alternative, Concert further asks for clarification of the action to be taken on remand.

To prevail on the Motion, Concert must present newly discovered evidence, point out an intervening change in controlling law, or clearly establish that the Court committed a manifest error of law or fact. Fed. R. Civ. P. 59(e); Caisse Nationale de Credit Agricole v. CBA Indus., Inc., 90 F.3d 1264, 1269-70 (7th Cir. 1996). "Reconsideration is

---

[1]ERISA is the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

appropriate, generally speaking, only when the Court overlooked or misunderstood something." Hickory Farms, Inc. v. Snackmasters, Inc., 509 F. Supp. 2d 716, 719 (N.D. Ill. 2007).[2]

For the reasons set forth below, the Court allows the Motion in part. The Court finds that Concert has discretion under the Plan and the arbitrary and capricious standard of review applies in this action. The Court further clarifies that on remand Concert is to make a new decision through the appropriate procedures and the exercise of its discretion in accordance with the terms of the Plan and the law. The Court is not directing any particular outcome of this determination. The Motion is otherwise denied.

As explained fully in the Opinion, Miller initially went to the OSF Holy Family Medical Center (Holy Family) in Monmouth, Illinois. Miller either had suffered a stroke or had a brain aneurism. Holy Family was an in-network provider under the Plan. Holy Family determined that it could not provide Miller with the necessary care and transferred him to St. Francis, an out-of-network provider under the Plan. Section 1 of the Plan's Certificate of Insurance (§ 1) provided that under these circumstances, the Plan would pay the out-of-network provider at in-network rates unless another in-network provider was reasonably

---

[2]The Court does not consider the letters attached to the Motion. Those letters are not newly discovered evidence and so are not properly before the Court. See Fed. R. Civ. P. 59(e).

available.  Opinion, at 8.  As explained in the Opinion, Concert's decision to pay St. Francis at out-of-network rates was arbitrary and capricious because Concert never addressed the application of § 1 in its decision. Opinion, at 26.  The Court declines to reconsider this determination.

The Seventh Circuit has determined that the appropriate remedy in this circumstance is a remand for a new decision through the appropriate application of the Plan.  Opinion, at 28-29 (citing Majeski v. Metropolitan Life Ins. Co., 590 F.3d 478, 484 (7th Cir. 2009); Schneider v. Sentry Group Long Term Disability Plan, 422 F.3d 621, 629 (7th Cir. 2005); Quinn v. Blue Cross and Blue Shield Ass'n, 161F.3d 472, 477-78 (7th Cir. 1998) overruled on other grounds, Hardt v. Reliance Standard Life Ins. Co., ___ U.S.___, 130 S.Ct. 2149, 2157-58 (2010)).

The Court did not determine whether the Plan gave Concert discretion to interpret and apply the terms of the Plan.  The Court finds this to have been an error.  The Court should not have remanded the matter without giving Concert sufficient guidance as to this critical issue.  The Court apologizes for this oversight.  The Court set forth the plan terms at issue and the relevant law fully in the Opinion. Opinion, at 19-25.  After careful review, the Court finds that Concert does have discretion to interpret and apply the Plan.  The Application stated that Concert had discretion to interpret the Plan and the integration clause in the Master

Group Policy made the Application part of the Plan.  See Opinion, at 19, 22.  The Court has re-reviewed the applicable law and now concurs with the decisions in Shyman v. Unum Life Ins. Co., 427 F.3d , 452, 455 (7th Cir. 2005), and Killian v. Concert Health Plan Ins. Co., 2010 WL 2681107 *6 (N.D. Ill. 2010), that such an integration clause is effective to make an application part of a plan, and in this case, to give Concert discretion to interpret and apply the terms of the Plan.  Therefore, Concert on remand has discretion to interpret and apply the Plan, and any further review is whether the decision was arbitrary or capricious.[3]

The Court further clarifies the basis for the remand.  The Seventh Circuit has been faced with numerous actions for benefits under ERISA § 1132(a)(1)(B) in which the plan administrators made erroneous decisions.  The Seventh Circuit has stated that the appropriate remedy is to maintain the status quo that existed before the decision.  For example, if benefits had been erroneously terminated, then benefits should be reinstated.  E.g., Hackett v. Xerox Corp. Long-Term Disability Income Plan, 315 F.3d 771, 775-76 (7th Cir. 2003).  If the administrator was making the initial decision of whether to pay benefits, then the matter should be remanded for a new decision using the proper application of the plan.  E.g.,

---

[3]The Court notes that St. Francis waived its argument based on Title 50 Illinois Administrative Code § 2001.3 by raising the argument for the first time in its reply.  See Opinion, at 25.

Majeski, 590 F.3d at 484-85; Leger v. Tribune Co. Long Term Disability Benefit Plan, 557 F.3d 823, 835 (7th Cir. 2009); Quinn, 161 F.3d at 478; Huss v. IBM Medical and Dental Plan, 418 Fed. Appx. 498, 508 (7th Cir. 2011). This case fits into the latter category. Concert was making the initial decision of the rate at which to pay benefits for the care provided by St. Francis. Concert made the decision in an arbitrary and capricious manner. Since the factual context was the initial decision regarding the payment of benefits, the appropriate remedy is to remand for a new decision through the proper application of the Plan.

The Court does not comment on how Concert should interpret or apply the terms of the Plan to this case. As the Seventh Circuit explained in Quinn, "[The plan administrator's] decision to deny Quinn's claim was arbitrary and capricious, but not necessarily wrong. . . . 'Blue Cross may still deny Quinn's claim, but only after it conducts an appropriate investigation . . . .'" Quinn, 161 F.3d at 478 (quoting Quinn v. Blue Cross & Blue Shield Ass'n, 990 F. Supp. 557, 563 (N.D. Ill. 1997). In this case, Concert must make a new decision through appropriate procedures and the exercise of its discretion in accordance with the Plan and the law. See Opinion, at 29-30. The Court therefore will not order the award of any sum of money, as requested by St. Francis. The Court also will not address costs or fees. The issue of costs and fees should be raised at the

appropriate time in accordance with the Rules.  See Fed. R. Civ. P. 54(d), Local Rule 54.1; 29 U.S.C.§ 1132(g); Hardt, 130 S.Ct. at 2157-58.

Concert argues that remand is only appropriate in actions brought under 29 U.S.C. §§ 1133 and 1132(a)(3), and not in actions for benefits under § 1132(a)(1)(B).  Defendant Concert Health Plan Insurance Company's Reply in Support of Its Motion to Clarify & Reconsider the Orders of October 4 and October 5, 2011 (d/e 113), at 2-3.  Concert is incorrect.  The Seventh Circuit has repeatedly ordered a remand for a new decision in actions for benefits brought under§ 1132(a)(1)(B).  See Majeski, 590 F.3d at 481; Leger, 557 F3d. At 829; Quinn, 161 F.3d at 473; Huss, 418 Fed. Appx. at 502.  The Court acknowledges that the Opinion incorrectly referenced § 1133.  The Court clarifies that its decision to remand the matter is based on the Seventh Circuit's instructions in cases such as Majeski, Leger, and Quinn, not § 1133.

The other requests for reconsideration are denied and the prior holdings of the Opinion not modified herein remain in full force and effect.

WHEREFORE, Defendant Concert Health Plan Insurance Company's Motion to Clarify and Reconsider the Orders of October 4

and October 5, 2011 (d/e 109) is ALLOWED in part and DENIED in part.

ENTER:	December 1, 2011

	 _s/ Byron G. Cudmore_	
	BYRON G. CUDMORE
	UNITED STATES MAGISTRATE JUDGE