## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| OSF HEALTHCARE SYSTEM, | ) | |
| an Illinois not for profit corporation | ) | |
| d/b/a St. Francis Medical Center, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-1328 |
| | ) | |
| CONCERT HEALTH PLAN | ) | |
| INSURANCE CO., RONALD MILLER | ) | |
| and ROBIN MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff OSF Healthcare System's (OSF) Petition to Enforce Summary Judgment Order and for Payment of Costs and Fees (d/e 116), and Defendant Concert Health Plan Insurance Company's (Concert) Motion to Strike Plaintiff's "Petition to Enforce Summary Judgment and for Payment of Costs and Fees" (d/e 119) and Defendant's Request for Judgment Pursuant to Rule 58(d) (d/e 120). For the reasons set forth below, the Motions are DENIED.

The parties consented, pursuant to 28 U.S.C. § 636(c), to have this matter proceed before this Court.  Consent to Proceed Before a United

States Magistrate Judge, and Order of Reference entered September 21, 2010 (d/e 36). This Court entered judgment in this case on October 4, 2011. Opinion entered October 4, 2011 (d/e 107) (Opinion 107). The Rule 58 Judgment was entered on October 5, 2011. Judgment in a Civil Case (d/e 108); see Fed. R. Civ. P. 58. The Court determined that Concert's decision to deny benefits under the ERISA qualified plan was arbitrary and capricious and remanded the case for further proceedings under the plan's procedures.[1] The Court then granted in part the Concert's Rule 59(e) Motion. Opinion entered December 1, 2011 (d/e 115) (Opinion 115). At that point judgment had been entered and this case was closed effective December 1, 2011.

On January 20, 2012, Concert issued a new decision denying OSF's claim for benefits under the ERISA qualified plan. Letter dated January 20, 2012 (d/e 118). Each party essentially is now asking this Court to reopen this case and enter judgment in its favor based on the January 20, 2012, decision and the prior decisions of this Court. Both parties are mistaken.

This case is closed and has been closed since Opinion (d/e 115) on December 1, 2011. The Court granted relief to OSF by reversing the decision and remanding the matter to Concert to provide a new decision.

_____

[1]ERISA is the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

Opinion 107, at 28-29; Opinion 115, at 7; see Majeski v. Metropolitan Life Ins. Co., 590 F.3d 478, 484 (7th Cir. 2009); Schneider v. Sentry Group Long Term Disability Plan, 422 F.3d 621, 629 (7th Cir. 2005); Quinn v. Blue Cross and Blue Shield Ass'n, 161 F.3d 472, 477-78 (7th Cir. 1998) overruled on other grounds, Hardt v. Reliance Standard Life Ins. Co., ___ U.S.___, 130 S.Ct. 2149, 2157-58 (2010).  The judgment was entered on October 4, 2011.  More than 28 days have passed since the entry of the judgment.  Thus, the parties can only seek to relief from the judgment under Rule 60(b).  Fed. R. Civ. P. 60(b).  None of the pending Motions provide a basis for relief from judgment under Rule 60(b).  The parties rely on the January 20, 2012 Letter, but that document does not constitute newly discovered evidence under Rule 60(b)(2) because the document did not exist at the time that the judgment was entered, and so, could not have affected the outcome of this case.  The January 20, 2012, Letter is a transaction that occurred after this case was closed.  If OSF wishes to challenge the decision in the January 20, 2012, Letter, it must file a new civil action.

OSF also seeks fees and expenses.  This request is denied as untimely and for failure to comply with the Local Rules.  A request for costs must include a completed Form AO-133 as a summary of costs.

Local Rule 54.1(B).  OSF failed to include this document with its Motion.

A request for attorney's fees must be made within 30 days of entry of

judgment.  Local Rule 54.1(A).  The Judgment was entered on October 4,

2011.  Concert's Rule 59(e) motion was resolved on December 1, 2011.

The request for attorney fees is untimely by several months based on the

date of either decision.

Concert asks for entry of a Rule 58 judgment.  The Rule 58 judgment

was already entered in this case on October 5, 2011.  Judgment in a Civil

Case (d/e 108).  The Court subsequently ruled on the Concert's Rule 59(e)

motion.  See Opinion 115, at 2-3.  A separate Rule 58 judgment is not

required after disposing of a motion to alter or amend the judgment under

Rule 59.  Fed. R. Civ. P. 58(a)(4).  The Court, therefore, declines to enter a

new Rule 58 judgment.  This case is closed and was closed December 1,

2011.  If OSF wants judicial review of Concert's January 20, 2012,

decision, it needs to file a new civil action.

WHEREFORE Plaintiff OSF Healthcare System's Petition to Enforce

Summary Judgment Order and for Payment of Costs and Fees (d/e 116),

and Defendant Concert Health Plan Insurance Company's Motion to Strike

Plaintiff's "Petition to Enforce Summary Judgment and for Payment of

Costs and Fees" (d/e 119) and Defendant's Request for Judgment

Pursuant to Rule 58(d) (d/e 120) are DENIED. This case remains closed.


ENTER: May 7, 2012



_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE